### 10380. BEAUFORT COUNTY *v.* LANE.

The contract sued upon in this case stipulated for a penalty and was unenforceable, and the general demurrer to the petition was properly sustained.

DECIDED DECEMBER 10, 1919.

Complaint; from city court of Savannah—Judge Freeman. February 19, 1919.

*Saussy & Saussy,* for plaintiff, cited: 1 Corpus Juris, 2,3; 183 U. S. 666; 6 Bing. 141; 2 Bos. & P. 345; 21 Ch. Div. 243; 38 Ann. Dec. 136; 9 N. Y. 551; 29 Ann. & Eng. Enc. L. (2d ed.) 407, note 1; 4 Exch. 776; 69 *Ga.* 764; 33 *Ga.* 536; 177 Mass. 72; Elliott, Contracts, § 1559, p. 849; 91 *Ga.* 450; 101 *Ga.* 619; 132 *Ga.* 849; Sedg. Dam. (8th ed.), § 396; 8 Ohio C. C. (N. S.) 489; 10 Laws of England (Halsbury), rule 5, p. 330; Chitty, Contracts (9th Am. ed.) 898; 1 Sedg. Dam. (9th ed.) 791, 792; 144 *Ga.* 660; 1 *Ga.* 472; 48 N. Y. 532; 249 U. S. 361.

*Hitch & Denmark,* for defendant, cited: 4 *Ga. App.* 722; 17 *Ga.* 609; 137 *Ga.* 531; 145 *Ga.* 484; 6 Bing. 141; 9 M. & W. 678; 6 Barn. & Cress. (13 E. C. L.) 216; 13 Cyc. 95, 101; Suth. Dam. 916-17, 921, §§ 294-5.

BLOODWORTH, J. A contract was entered into between Beaufort County, South Carolina, and Mills B. Lane, the material part of which is as follows: "Whereas said Mills B. Lane and associates are the owners of the ferry franchise and right to run a ferry from the end of said causeway to the City of Savannah, now, therefore, in consideration of the premises and for further consideration of $1.00 each to the other this day in hand paid, the parties have agreed as follows: The said county is to construct said landing within ninety days from the date hereof, and to fix the causeway and maintain same in a condition suitable for travel. The said Mills B. Lane and associates guarantees, upon the completion of the landing and the repair of said causeway, that the Savannah

Ferry Company or some other corporation or individual will provide and put in service a suitable, commodious ferry-boat and run the same in an acceptable manner between said Union Causeway and the City of Savannah, by making at least three trips both ways daily (except Sunday when two trips may be made) for a period of not less than three years, charging reasonable and lawful tolls in keeping with the amount of business handled. Should said Ferry Company or their lessees, for any reason except that said landing or causeway be destroyed by storm or freshet, abandon said service before the end of said period, then and in that event said Mills B. Lane guarantees to reimburse Beaufort County the amount spent in constructing said landing, not to exceed $3000.00. Should the boat employed in said· ferry service be destroyed by fire or storm or otherwise, the said Ferry Company shall have a reasonable time to replace her." Beaufort County sued Lane on this contract, alleging in part: "Your petitioner shows that, having expended the said above-named large sum of money in building the said landing, and because of the failure of the said Ferry Company or its lessees to continue to operate the said ferry as above alleged, the said defendant has become indebted to your petitioner in the said sum of three thousand dollars, as provided for in the said contract." The petition was dismissed on general demurrer.

It will be noted that the contract provides: "Should said Ferry Company or their lessees, for any reason except that said landing or causeway be destroyed by storm or freshet, *abandon said service* before the end of said period" (italics ours). "Said service," as here used, evidently refers to the kind and character of service described in the first part of the contract, to wit: (1) to provide and put in service a suitable, commodious, ferry boat; (2) to run the same in an acceptable manner between said Union Causeway and the City of Savannah; (3) to make at least three trips both ways daily, except Sunday, when two trips may be made; (4) to continue said service for a period of at least three years; and (5) to charge reasonable and lawful tolls in keeping with the amount of business handled. The abandonment of "said service," or any material part thereof, at any time before the expiration of the three years named would constitute a breach of the contract, and upon said breach provision is made for Lane to pay a fixed and unvarying

sum, without taking into consideration the extent of the breach or the time thereof. The contract stipulated for a penalty, and was illegal and unenforceable, and the learned judge of the trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*